UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------
UNITED STATES OF AMERICA

     -v-                                    99-cr-324 (JSR)

RHONDA WHITE,                               ORDER

          Defendant.
---------------------------------

JED S. RAKOFF, U.S.D.J.

In a letter dated November 1, 2022 (here attached), pro se defendant Rhonda White moved to seal her conviction in the above-captioned case. In Ms. White's letter, she states that her criminal record has prevented her from obtaining jobs and housing assistance.

The Government responded in a letter to the Court dated December 6, 2022 (also attached). The Government argues that the Court lacks subject matter jurisdiction to consider Ms. White's letter motion. The Government cites Doe v. United States, 833 F.3d 192 (2d Cir. 2016), which considered a similar set of facts and held that the district court lacked subject matter jurisdiction over a motion to seal or expunge the defendant's criminal conviction. Doe held that the Federal Rules of Criminal Procedure only provide limited jurisdiction over specific categories of post-judgment motions, and a motion to seal a valid criminal conviction after several years does not fall into any of these categories. Id. at 196. Doe also held that a district court lacks

1

ancillary jurisdiction to seal a valid criminal conviction solely on equitable grounds. Id. at 198.

Regrettably, Doe is controlling. Thus, the Court hereby denies Ms. White's letter motion for lack of subject matter jurisdiction.

SO ORDERED.

New York, NY
December 14, 2022

JED S. RAKOFF, U.S.D.J.

November 1, 2022

Honorable, Judge Jed
Rakoff,
500 Pearl St. #1340
New York, N.Y. 100007

Rhonda J. White
913 Roosevelt St.
Elizabeth, NJ 07202

Your Honor,

My name is Rhonda White, and my Docket Number is: 99CR324. This case goes back to 1997 were at the time I was convicted on a felony charge regarding depositing checks into my account. I regret involving myself in this type of situation. I am 57yrs of age now, I have four grown children that are doing good in life have a family and out on their own. Now that I have done my job as a mother and learned from my past mistakes, I've been a completely different person since. I am a Jehovah witness since 2019 and on disability due to a rare pervious skin disorder. I've applied for jobs and housing assistance in the past and my record is keeping me back from bettering my life. I'm asking please if you can consider closing my case with sealing my record. I appreciate your time and I hope that you can understand.


Thank You Again,
Rhonda White



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007

December 6, 2022

**BY EMAIL**
The Honorable Jed S. Rakoff
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

    Re:    *United States v. Rhonda White*, 99 Cr. 324 (PKC)

Dear Judge Rakoff:

    The Government respectfully submits this letter in opposition to Rhonda White's letter requesting that the Court expunge or seal the record of her criminal conviction (the "Letter Request").[1] On November 29, 2022, the Court requested that the Government submit a letter explaining whether the Government believes that the relief sought by Ms. White should be granted. Because the Court does not have subject matter jurisdiction to consider the Letter Request, it should be denied.

## I.   Background

    On or about April 7, 1999, Ms. White pleaded guilty pursuant to an Information to one count of conspiracy to defraud the United States, in violation of Title 18, United States Code, Section 371, and one count of bank fraud, in violation of Title 18, United States Code, Section 1344. On or about July 30, 1999, the Court sentenced Ms. White to a three-year term of probation. Ms. White was also ordered to pay restitution, jointly and severally with a co-conspirator, in the amount of $102,482.00.

## II.   Discussion

    In *Doe v. United States*, 833 F.3d 192 (2d Cir. 2016), the Second Circuit reversed the district court's grant of a petitioner's request to expunge or seal[2] the record of her criminal

---

[1] The Letter Request asks that the Court "consider closing my case with sealing my record" because "my record is keeping me back from bettering my life." The Government interprets the relief sought as a request to expunge or seal the record of Ms. White's criminal conviction.

[2] Although Doe's petition was termed a motion to "expunge" her criminal conviction, the Second Circuit determined that the district court in that case had in fact "ordered the records of

conviction approximately thirteen years after her judgment and conviction. Similar to Ms. White's request, the petitioner in *Doe* argued that her criminal record was negatively affecting her employment prospects. *Id.* at 195. The Second Circuit held that the district court lacked subject matter jurisdiction to grant such relief "because Doe's conviction was valid and the underlying criminal case had long since concluded." *Id.* at 196. It noted that the Federal Rules of Criminal Procedure provide for limited jurisdiction over certain specific categories of post-judgment motions, and that "[n]one of these rules remotely suggests, however, that district courts retain jurisdiction over *any* type of motion years after a criminal case has concluded." *Id.*

The Second Circuit noted that the district court lacked ancillary jurisdiction over the request. The Court acknowledged that the exercise of ancillary jurisdiction may be required for a court to "manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* at 198 (citing *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 379-80 (1994)). Nonetheless, the Court stated that the "[t]he District Court's sentence had long ago concluded and its decrees long since expired" by the time the motion for expungement was filed. *Id.* The Court explained also that petitioner's request to expunge her records, which was based on the effects to her current employment, were independent of the facts of her underlying criminal proceeding and sentence.

Following *Doe*, courts have repeatedly held that they do not have subject matter jurisdiction, including ancillary jurisdiction, to seal or expunge a valid conviction record. *See, e.g., United States v. Bolera*, No. 00-cr-631 (PKC), 2021 WL 5232452, at *1 (S.D.N.Y. Nov. 9, 2021) (Castel, J.); *Mount v. United States*, No. 19-MC-3043 (LDH), 2021 WL 722434, at *1 (E.D.N.Y. Feb. 24, 2021) ("Relevant here, federal district courts do not have subject matter jurisdiction to expunge or seal a valid conviction record, except in limited circumstances authorized by Congress."); *Patterson v. United States*, No. 19-MC-2986 (LDH), 2020 WL 5820155, at *1 (E.D.N.Y. Sept. 30, 2020) (same) (collecting cases).

The Second Circuit's decision in *Doe* compels the denial of Ms. White's Letter Request. The Court's sentence of probation over Ms. White concluded more than 20 years ago. *See Doe*, 833 F.3d at 198 ("The District Court's sentence had long ago concluded and its decrees long since expired by the time Doe filed her motion. Under those circumstances, expunging a record of conviction on equitable grounds is entirely unnecessary to 'manage a court's proceedings, vindicate its authority, or effectuate its decrees.'" (citing *Kokkonen*, 511 U.S. at 370) (alterations omitted)). While it appears that Ms. White has made a restitution payment as recently as 2017, the request to expunge or seal her record is based on her statements that "[i]'ve applied for jobs and housing assistance in the past and my record is keeping me back from bettering my life," which is factually independent of any continuing restitution order that the Court entered previously. *See Doe*, 833 F.2d at 198-99. Therefore, there is no basis for the court to exercise ancillary jurisdiction over the Letter Request to "manage its proceedings, vindicate its authority, [or] effectuate its decrees." *Kokkonen*, 511 U.S. at 379-80.

---

Doe's conviction sealed rather than expunged or destroyed," just as White requests here. *Doe*, 833 F.3d at 196 n.1.

### III. Conclusion

For those reasons, the Government respectfully requests that the Court deny the defendant's request for relief .

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: _____
Jeffrey W. Coyle
Assistant United States Attorney
Southern District of New York
(212) 637-2437
Jeffrey.Coyle@usdoj.gov